LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

Attorneys for Plaintiff Al Parra

FILED
08 JUL 23 AM 10: 29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: EC DEPUTY

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL PARRA, Plaintiff, v. BMW OF NORTH AMERICA, LLC, Defendant. | '08 CV 1323 BTM WMc<br>Case No.<br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is citizen of the state of California. Defendant BMW of North America, LLC is a limited liability company whose sole member, BMW (US) Holding Corp., is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business in New Jersey.

ORIGINAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

3. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Al Parra.

4. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

**FIRST CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

5. On or about March 11, 2007, Plaintiff purchased a 2006 BMW 330CI, VIN WBABD53416PL18425 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $49,042.82. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

6. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

7. During the warranty period, the Vehicle contained or developed various defects, including but not limited to defects which cause the steering wheel to jerk from left or right when braking, defects which cause the belts to squeal, defects which cause the battery to die, defects which make it difficult to start the vehicle, and defects which cause the vehicle to fail to start .

8. Pursuant to 15 U.S.C. § 2301 and pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

9. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

10. On or about March 11, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

11. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

12. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

13. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS**
**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

14. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

15. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

16. Pursuant to 15 U.S.C. § 2301 and pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

17. On or about March 11, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

18. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

19. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**THIRD CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANT**
**BREACH OF EXPRESS WARRANTY**
**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

21. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

22. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

23. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c) and 15 U.S.C. § 2310(d).

24. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FOURTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)**

25. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7, above.

26. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2).

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were

incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

29. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

30. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

31. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

32. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## FIFTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

33. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

34. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

35. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

36. The provisions of Civil Code § 1793.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

37. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is

entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

38. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SIXTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**CONVERSION**

39. Plaintiff incorporates by reference the allegations contained in the Fourth Claim for Relief, above.

40. Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. *Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997). Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

41. Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

42. As a result of Defendant's conversion, Plaintiff has suffered damages.

43. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution. Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $49,042.82.

2. For restitution to Plaintiff in the amount of $49,042.82.

3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $98,085.64, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $98,085.64, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $98,085.64, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

6. For any consequential and incidental damages.

7. For punitive damages in the amount of at least $100,000.

8. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

9. For prejudgment interest at the legal rate.

10. And for such other relief as the Court may deem proper.

DATED: July 17, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By:________________________
MARTIN W. ANDERSON
Attorneys for Plaintiff Al Parra

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: July 17, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By:________________________
MARTIN W. ANDERSON
Attorneys for Plaintiff Al Parra

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153264 - TC**

**July 23, 2008**
**10:58:35**

**Civ Fil Non-Pris**
USAO #.: 08CV1323
Judge..: BARRY T MOSKOWITZ
Amount.: $350.00 CK
Check#.: BC1192

**Total-> $350.00**

FROM: AL PARRA
VS
BMW OF NORTH AMERICA

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 JUL 23 AM 10:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**I. (a) PLAINTIFFS**
AL PARRA

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anderson Law Firm, 2070 N. Tustin Ave., Santa Ana, CA 92705
Tel: (714) 516-2700

**DEFENDANTS**
BMW OF NORTH AMERICA, LLC

County of Residence of First Listed Defendant (not a US Plf case)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
'08 CV 1323 BTM WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. § 1332
Brief description of cause:
Consumer Warranty Action

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 443,299.74
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ________ DOCKET NUMBER ________

DATE 07/17/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153264 AMOUNT $350 APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

ORIGINAL TAC 7/23/08