FILED

2008 AUG 29 PM 2:37

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY ________ DEPUTY

KATE S. LEHRMAN [Bar No. 123050]
ROBERT A. PHILIPSON [Bar No. 108940]
GUY MIZRAHI [Bar No. 220930]
CROWE & ROGAN LLP
100 Wilshire Boulevard
Suite 200
Santa Monica, CA 90401-1111
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PARRA,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 08 CV 1323 BTM WMc<br>[Filed: July 23, 2008]<br><br>**ANSWER OF DEFENDANT BMW OF NORTH AMERICA, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>MOTION CUT-OFF: None<br>DISCOVERY CUT-OFF: None<br>TRIAL DATE: None |

VIA FAX

Defendant BMW OF NORTH AMERICA, LLC ("defendant" or "BMW NA") answers plaintiff AL PARRA's Complaint ("Complaint") on file herein for itself alone and no other defendant and admits, denies and alleges as follows:

1. Answering paragraph No. 1, defendant admits that BMW NA is a limited liability company whose sole member, BMW (US) Holding Corp., is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business in the state of New Jersey. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

2. Answering paragraph No. 2, defendant admits all allegations therein.

3. Answering paragraph No. 5, defendant admits it is the North American distributor of a 2006 BMW 330Ci, VIN WBABD53416PL18425 (the "Vehicle"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

4. Answering paragraph No. 6, defendant admits that the Vehicle came with a New Vehicle Limited Warranty and that the express provisions and terms of BMW's express warranty are contained within the New Vehicle Limited Warranty. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

5. Answering paragraph No. 7, defendant denies each and every allegation contained therein.

6. Answering paragraph No. 8, defendant admits the sale of the Vehicle was accompanied by an implied warranty of merchantability pursuant to Civil Code §§ 1791.1 and 1792. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

7. Answering paragraph No. 9, defendant admits that California Civil Code §§ 1791.1 and 1792 define the terms of any implied warranty of merchantability. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

8. Answering paragraph No. 10, defendant denies each and every allegation contained therein.

9. Answering paragraph No. 11, defendant denies each and every allegation contained therein.

10. Answering paragraph No. 12, defendant denies each and every allegation contained therein.

11. Answering paragraph No. 13, defendant denies each and every allegation contained therein.

12. Answering paragraph No. 14, defendant incorporates herein each and every averment contained in paragraph Nos. 3 through 5 and 9 of this Answer as though set forth in full.

13. Answering paragraph No. 15, defendant admits it is the North American distributor of the Vehicle. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

14. Answering paragraph No. 16, defendant admits the sale of the Vehicle was accompanied by an implied warranty of fitness pursuant to California Civil Code § 1792.1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

15. Answering paragraph No. 17, defendant denies each and every allegation contained in said paragraph.

16. Answering paragraph No. 18, defendant denies each and every allegation contained in said paragraph.

17. Answering paragraph No. 19, defendant denies each and every allegation contained in said paragraph.

18. Answering paragraph No. 20, defendant incorporates herein each and every averment contained in paragraph Nos. 3 through 5 and 9 of this Answer as though set forth in full.

19. Answering paragraph No. 21, defendant denies each and every allegation contained in said paragraph.

20. Answering paragraph No. 22, defendant denies each and every allegation contained in said paragraph.

21. Answering paragraph No. 23, defendant denies each and every allegation contained in said paragraph.

22. Answering paragraph No. 24, defendant denies each and every allegation contained in said paragraph.

23. Answering paragraph No. 25, defendant incorporates herein each and every averment contained in paragraph Nos. 3 through 5 of this Answer as though set forth in full.

24. Answering paragraph No. 26, defendant denies each and every allegation contained in said paragraph.

25. Answering paragraph No. 27, defendant denies each and every allegation contained in said paragraph.

26. Answering paragraph No. 28, defendant denies each and every allegation contained in said paragraph.

27. Answering paragraph No. 29, defendant denies each and every allegation contained in said paragraph.

28. Answering paragraph No. 30, defendant denies each and every allegation contained in said paragraph.

29. Answering paragraph No. 31, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and therefore, placing its denial upon such ground, denies each and every remaining allegation contained in said paragraph.

30. Answering paragraph No. 32, defendant denies each and every allegation contained in said paragraph.

31. Answering paragraph No. 33, defendant incorporates herein each and every averment contained in paragraph Nos. 3 through 5 and 9 of this Answer as though set forth in full.

32. Answering paragraph No. 34, defendant denies each and every allegation contained in said paragraph.

33. Answering paragraph No. 35, defendant denies each and every allegation contained in said paragraph.

34. Answering paragraph No. 36, defendant denies each and every allegation contained in said paragraph.

35. Answering paragraph No. 37, defendant denies each and every allegation contained in said paragraph.

36. Answering paragraph No. 38, defendant denies each and every allegation contained in said paragraph.

37. Answering paragraph No. 39, defendant incorporates herein each and every averment contained in paragraph Nos. 23 through 30 of this Answer as though set forth in full.

38. Answering paragraph No. 40, defendant denies each and every allegation contained in said paragraph.

39. Answering paragraph No. 41, defendant denies each and every allegation contained in said paragraph.

40. Answering paragraph No. 42, defendant denies each and every allegation contained in said paragraph.

41. Answering paragraph No. 43, defendant denies each and every allegation contained in said paragraph.

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint, and each and every allegation contained therein, fails to state facts sufficient to constitute a cause of action against BMW NA.

## SECOND AFFIRMATIVE DEFENSE

43. Plaintiff is barred from obtaining the relief sought in the Complaint on the grounds that plaintiff has failed and refused to allow BMW NA a reasonable opportunity to inspect and repair, if necessary, plaintiff's vehicle or to otherwise cure any alleged breach by BMW NA.

///

///

THIRD AFFIRMATIVE DEFENSE

44. Plaintiff's alleged damages, if any, are the result, in whole or in part, of plaintiff's failure to exercise reasonable care to reduce or mitigate plaintiff's damages.

FOURTH AFFIRMATIVE DEFENSE

45. The vehicle was not in a defective condition at any time when it left the possession, custody or control of BMW NA.

FIFTH AFFIRMATIVE DEFENSE

46. If plaintiff suffered any damage or loss, which allegation is expressly denied, then said damage or loss was solely caused by and attributable to superseding and/or intervening causes.

SIXTH AFFIRMATIVE DEFENSE

47. BMW NA alleges that persons, both served and unserved, named and unnamed, in some manner or percentage were responsible for plaintiff's damages, if any, and BMW NA requires an Order from the trier of fact setting forth a percentage of fault of each and every person, named and unnamed, served and unserved, and the proportion of the several liability for non-economic damages, pursuant to the provisions of California Civil Code §§1431.2, et seq.

SEVENTH AFFIRMATIVE DEFENSE

48. Any delays in repairing the Vehicle were caused by conditions beyond the control of BMW NA and its representatives. California Civil Code §1793.2(b).

EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiff is barred from any recovery because plaintiff failed to exercise good faith in attempting to resolve the dispute with BMW NA.

NINTH AFFIRMATIVE DEFENSE

50. Plaintiff is barred from recovering from BMW NA because plaintiff did not properly maintain the vehicle, modified the vehicle and changed it from its

original condition as it existed at the time of its manufacture, and plaintiff misused and abused the vehicle. Consumer warranties do not apply to any alleged defect or nonconformity caused by the unauthorized or unreasonable use of the vehicle following sale. California Civil Code §1794.3.

TENTH AFFIRMATIVE DEFENSE

51. Plaintiff is not entitled to a civil penalty pursuant to California Civil Code §1794, because plaintiff's claim is based solely on a breach of an implied warranty.

ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff is unable to recover civil penalties where plaintiff has failed to serve proper notice pursuant to California Civil Code §1794(e)(3).

TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiff is unable to recover civil penalties where BMW NA's actions were not willful pursuant to California Civil Code §1794(c).

THIRTEENTH AFFIRMATIVE DEFENSE

54. Assuming, arguendo, that plaintiff suffered any damages as a result of BMW NA's conduct, any recovery by plaintiff must be reduced by an amount equal to the value of any and all damage to, use and depreciation of, and/or modification to the vehicle. California Civil Code §1793.2(d).

FOURTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff is unable to recover civil penalties where BMW NA participates in a qualified third-party dispute resolution process. California Civil Code § 1794(e)(2); 15 U.S.C. 2310(a).

FIFTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's rejection of the goods delivered based on alleged non-conformities is barred because BMW NA seasonably notified plaintiff and gave

adequate assurance of its intention to cure and make conforming delivery within the time provided in the purchase contract. California Commercial Code § 2508.

SIXTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff cannot maintain a cause of action for conversion of money where there is no specific sum capable of identification involved.

WHEREFORE, BMW OF NORTH AMERICA, LLC prays:

1. Plaintiff take nothing by virtue of his Complaint;
2. For costs of suit; and
3. For such other and further relief as the Court deems just and proper.

DATED: August 29, 2008

KATE S. LEHRMAN
ROBERT A. PHILIPSON
GUY MIZRAHI
CROWE & ROGAN LLP

By: ______________________
Robert A. Philipson
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

DEMAND FOR JURY TRIAL

Defendant BMW OF NORTH AMERICA, LLC, demands trial by jury.

DATED: August 29, 2008

KATE S. LEHRMAN
ROBERT A. PHILIPSON
GUY MIZRAHI
CROWE & ROGAN LLP

By: ______________________
Robert A. Philipson
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

VIA FAX

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Boulevard, Suite 200, Santa Monica, California 90401.

On August 29, 2008, I served the foregoing document(s) described as **ANSWER OF DEFENDANT BMW OF NORTH AMERICA, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy enclosed in a sealed envelope and placed it for collection, mailing and deposit in the U.S. Postal Service at 100 Wilshire Boulevard, Suite 200, Santa Monica, CA 90401-1111 following ordinary business practices addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this August 29, 2008 at Santa Monica, California.

Lisa Williamson

**PROOF OF SERVICE LIST**
**BMW OF NORTH AMERICA/PARRA**
**(B135-439)(53,439)**
**Case No. 08 CV 1323 BTM WMc**
**Page 1**

| | |
|---|---|
| Michael E. Lindsey, Esq.<br>LAW OFFICE OF MICHAEL E. LINDSEY<br>4455 Morena Boulevard<br>Suite 207<br>San Diego, CA 92117-4325<br>(858) 270-700 | Attorneys for Plaintiff<br>AL PARRA |
| Martin W. Anderson, Esq.<br>ANDERSON LAW FIRM<br>2070 North Tustin Avenue<br>Santa Ana, CA 92705<br>(714) 516-2700<br>(714) 532-4700<br>martin@andersonlaw.net | Attorney for Plaintiff<br>AL PARRA |